UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KINLEY MACDONALD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 23-10020-IT |
| | * |
| BRIGHTON POLICE CHIEF, et al., | * |
| | * |
| Defendants. | * |

ORDER

June 14, 2023

TALWANI, D.J.

Plaintiff Kinley MacDonald,[1] who is confined at the Riverview Psychiatric Center in Augusta, Maine, has filed a Motion to Conclude Plaintiff's Application to Proceed *in Forma Pauperis* as Complete [Doc. No. 17]. For the reasons stated below, the court will DENY the motion without prejudice.[2]

On January 4, 2023, MacDonald, who was at the time confined at the Cumberland County Jail in Maine as a pretrial detainee, commenced this action without paying the $402 filing fee or filing an Application to Proceed in District Court without Prepayment of Fees or Costs (commonly referred to as a motion for leave to proceed *in forma pauperis*). She subsequently filed a completed Application [Doc. No. 5] but did not include the six-month institutional account statement required of prisoners under the Prisoner Litigation Reform Act ("PLRA"). See 28 U.S.C. § 1915(a)(2) (providing that "a prisoner seeking to bring a civil action

---

[1] MacDonald is representing herself in this action.

[2] Rule 62.1(a)(2) of the Federal Rules of Civil Procedure permits the court to deny the motion, notwithstanding MacDonald's pending appeal concerning the filing fee.

. . . without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ."). In a March 15, 2023 Order [Doc. No. 7], the court denied the Application without prejudice for lack of a prison account statement and again ordered MacDonald to pay the $402 filing fee or file a renewed Application with a six-month institutional account statement.

On April 6, 2023, after she had been transferred to the York County Jail in Maine, MacDonald filed a Notice of Appeal [Doc. No. 9] with regard to the March 15, 2023 Order. On April 26, 2023, the court entered an electronic order [Doc. No. 12] staying the action pending appeal.

In the present Motion, MacDonald asserts that, because she is no longer a prisoner, her objection to the court's requirement that she provide the six-month prisoner account statement is moot. She asks that the court "consider that [*in forma pauperis*] application process as complete." Mot. at 2.

It is unclear whether MacDonald remains a prisoner for purposes of the PLRA. MacDonald is now hospitalized at the Riverview Psychiatric Center. The statute defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h) (emphasis added). Because the definition includes "any facility," the determination of whether a plaintiff is a "prisoner" is not dependent on the type of facility where the individual is located and is not limited to those confined in a traditional correctional institutional setting. Rather, the issue is whether the person is "detained" there because they are accused of (or convicted of)

violations of criminal law. For example, a pretrial detainee who is in a mental health facility pursuant to a court order for observation or treatment is a "prisoner" for purposes of 28 U.S.C. § 1915(h). See, e.g., Gibson v. Municipality of New York, 692 F.3d 198, 202 (2d Cir. 2012) and Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) (both cited with approval in Mahoney v. Hearst Corp., No.15-1518 (1st Cir. 2018), available at 2018 WL 11426750).

Thus, the fact of MacDonald's present hospitalization at the Riverview Psychiatric Center fails to establish that she is no longer a "prisoner" under the PLRA where MacDonald may be "detained" there because she has been "accused of . . . violations of criminal law."

Accordingly, the Motion to Conclude Plaintiff's Application to Proceed *in Forma Pauperis* as Complete [Doc. No. 17] is DENIED without prejudice. If MacDonald elects to renew this motion once the pending appeal has been adjudicated, she must provide information as to whether she is being detained at her present facility because she has been charged with a crime.

IT IS SO ORDERED.

      /s/ Indira Talwani
United States District Judge

June 14, 2023