UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KINLEY MACDONALD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 23-10020-IT |
| | * | |
| BRIGHTON POLICE CHIEF, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

June 16, 2023

TALWANI, D.J.

Plaintiff Kinley MacDonald,[1] has filed a Notice of Appeal [Doc. No. 9] challenging this court's March 15, 2023 order [Doc. No. 7] denying her motion to proceed *in forma pauperis* because she did not file the six-month prison account statement required under 28 U.S.C. § 1915(a)(2). MacDonald is confined at the York County Jail in Alfred, Maine as a pretrial detainee.[2] Now before the court is MacDonald's Affidavit Accompanying Motion for Permission to Appeal *in Forma Pauperis* ("Affidavit") [Doc. No. 18], which the court construes as a motion to appeal *in forma pauperis*.[3] For the reasons stated below the court will deny the motion.

Under the *in forma pauperis* statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

---

[1] MacDonald is representing herself in this action.

[2] When MacDonald commenced this action, she was confined at the Cumberland County Jail in Portland, Maine.

[3] A motion to appeal *in forma pauperis* must be filed in the district court. See Fed. R. App. P. 24(a)(1).

Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous if "no reasonable person could suppose [it] to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here, MacDonald's appeal is frivolous. MacDonald identifies her issue on appeal as "dismissal due to erroneous PLRA [Prison Litigation Reform Act] requirements to *in forma pauperis* application requiring usurped jurisdiction with non-parties." Affidavit at 1 [Doc. No. 18]. The argument that the PLRA does not apply to pretrial detainees is frivolous where the PLRA specifically provides that, for purposes of 28 U.S.C. § 1915, the term "prisoner" "means any person incarcerated or detained in any facility *who is accused of*, convicted of, sentenced for, or adjudicated delinquent for, *violations of criminal law* or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h) (emphases added). As pretrial detainee, MacDonald is a "person . . . who is accused of . . . violations of criminal law" and therefore subject to the requirements of the PLRA.[4]

MacDonald's assertion that the PLRA wrongfully forces non-parties (*i.e.*, prison treasurers) to provide a prison account statement is likewise frivolous. The PLRA's requirements fall on a party, the prisoner, who must "submit the certified copy of the trust fund account statement . . . obtained from the appropriate official." 28 U.S.C. § 1915(a)(2). Even if the statute

---

[4] At the time MacDonald filed her Affidavit, she had been transferred to the Riverview Psychiatric Center in Augusta, Maine. A pretrial detainee who is in a mental health facility pursuant to a court order for observation or treatment is a "prisoner" for purposes of 28 U.S.C. § 1915(h). See, e.g., Gibson v. Municipality of New York, 692 F.3d 198, 202 (2d Cir. 2012) and Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) (both cited with approval in Mahoney v. Hearst Corp., No.15-1518 (1st Cir. 2018), available at 2018 WL 11426750).

is construed as <u>requiring</u> a prison official to provide a prison account statement, it is in within Congress's power to impose such an obligation.[5] That the court may need to take additional steps to enforce Congress's mandate where a prison official fails to provide the required prison account statement does not invalidate the statute.

Accordingly, the court CERTIFIES that MacDonald's appeal is not taken in good faith and, construing the <u>Affidavit Accompanying Motion for Permission to Appeal *in Forma Pauperis*</u> [Doc. No. 18] as a motion, DENIES the same. If MacDonald wishes to challenge this certification and pursue *in forma pauperis* status on appeal, she may, within thirty (30) days of receiving notice of this order, file a new motion for leave to appeal *in forma pauperis* with the United States Court of Appeals for the First Circuit. <u>See</u> Fed. R. App. P. 24(a)(5).

The clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.

IT IS SO ORDERED.

                                                                  /s/ Indira Talwani
                                                                  United States District Judge

June 16, 2023

---

[5] The court notes that PLRA explicitly requires "[t]he agency having custody of the prisoner . . . [to] forward payments from the prisoner's account to the clerk of the court." 28 U.S.C. § 1915(b)(2).