UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KINLEY MACDONALD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 23-10020-IT |
| | * |
| BRIGHTON POLICE CHIEF, et al., | * |
| | * |
| Defendants. | * |

ORDER

November 15, 2023

TALWANI, D.J.

The First Circuit having issued its Judgment [Doc. No. 32] affirming this court's March 15, 2023 Order [Doc. No. 7] denying Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 5] and Mandate [Doc. No. 33] returning the matter to this court, the court hereby orders:

  1. If Plaintiff wishes to proceed with this lawsuit, she must, within twenty-one (21) days (1) pay the $402.00 filing fee; or (2) file a renewed Application to Proceed in District Court without Prepayment of Fees or Costs accompanied by a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6−month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Failure of Plaintiff to comply with this directive will result in dismissal of the action without prejudice.[1]

---

[1] If Plaintiff complies with this directive and the court allows Plaintiff to proceed without prepayment of the filing fee, she will be required to pay the $350 statutory filing fee over time, regardless of the outcome or duration of the lawsuit. See 28 U.S.C. § 1915(b).

2. Plaintiff's Motion for Appointment of Counsel [Doc. No. 2] and Renewed Motion for Appointment of Counsel [Doc. No. 14] are DENIED without prejudice to renewal if, after resolution of the filing fee and the court's review of the complaint under 28 U.S.C. § 1915A, the court orders that summonses issue.

3. Plaintiff's Motion for Enlargement of Time to File [Doc. No. 15] is DENIED without prejudice. Plaintiff may ask the court for additional time if needed to comply with a specific deadline.

4. Plaintiff's Motion to Amend Complaint [Doc. No. 23] is DENIED. In this motion, Plaintiff objects to the characterization of this action as a "Prisoner Civil Rights" case. Plaintiff contends that, because she is a pretrial detainee and her lawsuit does not concern conditions of her confinement, this lawsuit is not subject to the requirements of the Prison Litigation Reform Act ("PLRA").[2] As the First Circuit has affirmed, Plaintiff was a "prisoner" as defined by the PLRA when she filed this action. Judgment [Doc. No. 32], citing 28 U.S.C. § 1915(h). Accordingly, Plaintiff is subject to the requirements of the PLRA regardless of the nature of the action.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

November 15, 2023

---

[2] Plaintiff also states that she has been denied copies of her prior filings. Id. The court is unaware of any specific request for a copy of a filing, but as a courtesy, the clerk shall forward Plaintiff a copy of her original Complaint [Doc. No. 1].